| | |
|---|---|
| 1 | **SULAIMAN LAW GROUP, LTD.** |
| 2 | Bobby C. Walker, Esq. (State Bar No. 321788) |
| 3 | 2500 South Highland Avenue, Suite 200 |
|   | Lombard, IL 60148 |
| 4 | Telephone: (630) 575-8181 Ext. 149 |
|   | Facsimile: (630) 575-8188 |
| 5 | Email: bwalker@sulaimanlaw.com |
| 6 | Attorney for Plaintiff |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. CHECCHIA, | Case No. 8:23-cv-00311 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;** |
| AMERICAN FINANCIAL NETWORK, INC., | **2. VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ.** |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes STEVEN M. CHECCHIA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AMERICAN FINANCIAL NETWORK, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") under 73 P.S. § 201-1 *et seq.* in connection with Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy as Plaintiff's federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Central District of California.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age, residing in Aston, Pennsylvania.

5. Defendant is a mortgage lender who maintains branches and locations across the country, including the state of Pennsylvania. Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 10 Pointe Drive, Suite 330, Brea, California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately early 2020, Plaintiff was working with Defendant on acquiring financing to purchase a home, but was having issues due to the nature of his credit score and history.

9. As a result of these issues and to put Plaintiff in a better position to obtain financing, Defendant referred Plaintiff to a "George Wisniewski," aka "Hometown Credit Repair" ("HCR"), and told Plaintiff that HCR would be able to improve his credit so he could qualify for a home loan.

10. Desperate to improve his credit and qualify for a home, Plaintiff spoke with HCR.

11. HCR shared an address with Defendant's branch located in Folsom, Pennsylvania.

12. When Plaintiff spoke with HCR, Mr. Wisniewski affirmatively represented that he would be able to improve Plaintiff's credit and that Plaintiff just had to make a one-time payment of $500.00.

13. HCR promised Plaintiff that through its services, Plaintiff would be able to receive financing from Defendant.

3

14. Believing there to be a legitimate connection between Defendant and HCR, and further believing that he would be able to qualify for a home after using HCR's services, Plaintiff entered into a contract with HCR for the provision of credit repair services.

15. Plaintiff made his upfront payment of $500.00 to HCR, and HCR pulled Plaintiff's credit and purportedly got to work attempting to improve his credit.

16. However, after HCR received Plaintiff's upfront payment, HCR failed to perform any services to Plaintiff, deliver any improvement to Plaintiff's credit, and failed to respond to Plaintiff's numerous requests for information or updates on what HCR was doing for Plaintiff or how it was going to improve Plaintiff's credit score.

17. Essentially, HCR took Plaintiff's money and ran.

18. After not hearing anything from HCR or Mr. Wisniewski, Plaintiff spoke with Defendant and asked what was going on.

19. Defendant once again put Plaintiff into contact with HCR and Mr. Wisniewski, although HCR once again did not do anything for Plaintiff and berated Plaintiff for attempting to follow up.

20. Upon information and belief, Defendant received a portion of the payment Plaintiff made to HCR as a "kickback" for the referral of Plaintiff to HCR.

21. Upon further information and belief, Defendant received this compensation from HCR despite knowing the extent to which HCR's services were unlikely to

result in significant improvement to Plaintiff's credit or otherwise qualify Plaintiff to receive financing.

22. Defendant is both directly and indirectly involved in a fraudulent scheme whereby Defendant and its affiliates seek to leverage the desperation of consumers to receive home financing into agreeing to make exorbitant upfront payments for "credit repair services," despite Defendant and its affiliates knowing the extent to which the offered and represented services will not be delivered in the manner represented, deliver the promised results, or otherwise result in receiving the financing Defendant and its affiliates have represented would be forthcoming.

23. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, making payments for deficient and nonexistent credit repair services, relying upon Defendant's representations to his detriment, being subjected to improper fees, as well as a violation of his federally protected interests to be free from deceptive, misleading and fraudulent conduct on the part of credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

27. HCR and Mr. Wisnewksi were, at all relevant times, a "credit repair organization," as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

28. Defendant is a "person" as contemplated by the CROA.

### a. Violations of CROA § 1679b(a)

29. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits **any person** from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), **any person** is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

30. Defendant violated the above referenced provisions of the CROA through its conduct in relation to Plaintiff and relationship with HCR and Mr. Wisniewski.

31. Defendant represented to Plaintiff that working with HCR and Mr. Wisnewksi would improve Plaintiff's credit and allow him to receive financing from Defendant;

6

however, that was a gross misrepresentation of the nature of HCR and Mr. Wisniewski's services.

32. Rather than provide any services to Plaintiff, HCR and Mr. Wisniewski took Plaintiff's money and ran, and berated Plaintiff when he attempted to complain about the lack of action, results, and services being provided.

33. When Plaintiff complained to Defendant regarding the referral and the lack of action being taken, Defendant again referred Plaintiff to HCR.

34. Upon information and belief, Defendant knows the deficient nature of HCR's services, yet refers consumers to HCR so as to recoup the "kickback" it receives from the upfront payments consumers make for services that are never actually performed.

35. In essence, Defendant is involved in a scheme whereby desperate and financially vulnerable consumers, who cannot qualify for financing, rely upon the referral to HCR and Mr. Wisniewski and agree to make exorbitant upfront payments under the fraudulent belief the referred services will allow them achieve their dream of receiving financing for a home, despite Defendant knowing the extent to which such representations and promised results are false and will not be delivered.

36. Defendant is both a direct and indirect participant in the scheme perpetrated against Plaintiff and consumers and is liable under the CROA for such conduct.

WHEREFORE, Plaintiff, STEVEN M. CHECCHIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II- VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant's conduct, at all relevant times to this action, was engaged in "trade or commerce" as defined by 73 P.S. § 201-2(3).

39. The PUTPCPL, pursuant to 73 P.S. § 201-3(a), provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful."

40. The PUTPCPL, pursuant to 73 P.S. § 201-2(4) provides an extensive list of conduct that constitutes "unfair methods of competition" and "unfair or deceptive acts or practices," including but not limited to:

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

(v) Representing that goods or services have sponsorship, approval, characteristics . . . benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have:

(vii) Representing that goods or services are of a particular standard, quality or grade . . . if they are of another;

(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

41. Defendant violated the above provisions of the PUTPCPL in much the same way its conduct violated § 1679b(a)(3)-(4) of the CROA.

WHEREFORE, Plaintiff, STEVEN M. CHECCHIA, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 73 P.S. § 201-9.2(a);

c. Award Plaintiff treble damages pursuant to 73 P.S. § 201-9.2(a);

d. Award Plaintiff reasonable attorney's fees and costs pursuant to 73 P.S. § 201-9.2(a);

e. Enjoining Defendant from further violations of law; and

f. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: February 22, 2023

Respectfully submitted,

/s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com